Vincent CUSANO, individually and individually residing in Tennessee, doing business as Streetbeat Music, doing business as Vinnie Vincent Music, Plaintiff–Appellant,

v.

HORIPRO ENTERTAINMENT GROUP, a California Corporation, Defendant–Appellee,

Paul Stanley, Stanley Eisen, The Kiss Company, a New York Corporation, Gene Simmons Worldwide, a Delaware Corporation, Simstan Music Ltd., a Delaware Corporation, Kisstory Ltd., Polygram Records, Inc., a Delaware Corporation, and Gene Klein, Defendants.

No. 04–0575–CV.

United States Court of Appeals, Second Circuit.

April 22, 2005.

Craig J. Albert (Jocelyn L. Jacobson, Lauren K. Kluger, Reitler Brown & Rosenblatt LLC, on the brief), New York, NY, for Appellant.

Robert A. Jacobs (Orin Snyder, Manatt, Phelps & Phillips, LLP, on the brief), New York, NY, for Appellee.

Present: WALKER, Chief Judge, LEVAL, Circuit Judge, and DUPLANTIER, District Judge.*

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED AND DE-CREED that the judgment of the district court be and it hereby is **AFFIRMED.**

Plaintiff-appellant Vincent Cusano appeals from a judgment entered on January 30, 2004, in the United States District Court for the Southern District of New

---

\* The Honorable Adrian G. Duplantier, United States District Judge for the Eastern District of Louisiana, sitting by designation.

York (Victor Marrero, *Judge*) granting summary judgment for defendant-appellee Horipro Entertainment Group. Familiarity with the facts and procedural history is assumed.

On appeal, Cusano argues that the district court erred in granting summary judgment for Horipro and in concluding that the 1992 Sale Agreement unambiguously transferred his writer's share of the mechanical royalties to Horipro.

For substantially the same reasons set forth in the district court's decision and order of January 28, 2004, *Cusano v. Horipro Entm't Group*, 301 F.Supp.2d 272 (S.D.N.Y.2004), we affirm. The contract of sale to Horipro is unambiguously incompatible with Cusano's claims. We also note that Cusano conceded at oral argument that there is no legal distinction between Vincent Cusano, Vincent Cusano d/b/a Street Beat Music, and Vinnie Vincent.

We have carefully considered Cusano's other arguments and find them to be without merit.

Accordingly, and for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**